**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| TIEN DUY HO,<br>Petitioner,<br><br>v.<br><br>CHRISTOPHER BULLOCK, Field Office Director of U.S. Immigration and Customs Enforcement, New Orleans Field Office,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:26-cv-03531-SHL-cgc |

**ORDER STAYING TRANSFER AND REQUIRING RESPONSE**

On November 11, 2026, Petitioner Tien Duy Ho filed the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1.) He filed an Amended Petition on November 13. (ECF No. 7.) He challenges his continued detention, despite having had a favorable bond hearing. (Id. at PageID 44.) On October 14, an immigration judge authorized Petitioner's release on a $10,000.00 bond, with alternatives to detention at DHS' discretion. (Id.) Petitioner alleges that he attempted repeatedly to have his bond posted in the full amount, but ICE rejected it "first because the order was missing from its system and then because DHS intended to appeal." (Id.) However, according to Petitioner, DHS has not obtained an effective stay of Petitioner's release. (Id.) Petitioner is detained at the West Tennessee Detention Facility, and he seeks, among other things, an order enforcing the immigration judge's order, and immediate release. (Id. at PageID 53–54.)

On May 11, the Sixth Circuit issued the opinion in Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), affirming that a noncitizen who has spent "significant time . . . within the interior of the United States," and who has not committed an offense rendering them ineligible

under § 1226(c), may not be detained without an individualized bond hearing. 175 F.4th at 734. It appears Petitioner has had a bond hearing, but it is unclear why ICE refuses to accept his bond and release him.

Upon review of the Petition, it is **ORDERED** as follows:

(1) Within **three business days** of the filing of this Order, Petitioner shall deliver a copy of **the Petition and this Order** to the United States Attorney for the Western District of Tennessee electronically at the following email address: **jason.martin3@usdoj.gov**.

(2) Within **three business days** after Petitioner complies with the above requirement, Respondent **SHALL** respond to the Petition, and **explain Respondent's position on the immigration judge's October 14 Order**. If the basis of Petitioner's detention is 8 U.S.C. § 1225(b)(2)(A) and Respondent continues to oppose release, Respondent shall either distinguish this case from Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), or state why Lopez-Campos otherwise does not apply. If no such showing is made, Respondent shall state whether he consents to the issuance of the writ.

(3) Petitioner **SHALL** file a reply within **three business days** after Respondent's responsive filing.

(4) Respondent **SHALL NOT** transfer Petitioner out of the West Tennessee Detention Facility during the pendency of the Petition.

**IT IS SO ORDERED,** this 19th day of November, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE